## SNYDER v BETTIS

Ohio Appeals, 9th Dist, Summit Co

No 2854. Decided March 22, 1937

Knowlton & Wilson, Akron, for appellee.
H. A. Waltz, Akron, and Harter, Olds & Jarboe, Akron, for appellant.

### OPINION

By DOYLE, J.

The record discloses that the plaintiff in the court below, the appellee herein, while driving his automobile truck in an easterly direction on W. Exchange Street in the city of Akron, Ohio, suffered a collision with an automobile driven by the defendant below, the appellant herein, and as a result thereof was injured.

Plaintiff originally brought his action against the United States Air Compressor Co., on the theory that said Bettis was the agent of said company and acting within the scope of his authority at the time of the accident. Later, however, plaintiff filed a second amended petition, in which he omitted said company as defendant and named said Bettis as defendant instead, and had a summons served upon him.

Plaintiff charged said defendant with negligence in the operation of his car which proximately resulted in damage to plaintiff. The defendant, in his answer, denied the charge and pleaded the defense of contributory negligence.

There is evidence in the record to the effect that the defendant, while driving in a westerly direction just prior to the collision, was in the second line of traffic from the north curb, and that the two lines of traffic passed cars which were parked on the north side of the street; that the defendant, in attempting to pass the car ahead of him in the same line of traffic, drove his car beyond the center line of the street and there collided head-on with a truck operated by the plaintiff and traveling in an easterly direction.

This evidence is disputed by other witnesses, who testified that at no time did the defendant's car pass beyond the center line of the street, and that he did not attempt to pass the car ahead of him. Other evidence was to the effect that the plaintiff himself drove his truck in a "zig-zag" manner, and that just prior to the collision he drove it beyond the center line of the street and collided with the defendant's car.

A general verdict in favor of the plaintiff and against the defendant, in the amount of $1500, was returned by the jury, upon which judgment was rendered. The defendant, appellant herein, asks for a reversal, and makes the following charges of error:

1. That the court erred in permitting the plaintiff to file an amended petition substituting an entirely different defendant and cause of action for the original defendant and cause of action.

2. In charging the jury that, if they found that the defendant was operating his automobile upon the left side of the center line of the road, that would constitute negligence as a matter of law.

3. In charging the jury that, if they found that the defendant committed certain acts, they should return a verdict for the plaintiff.

4. In charging the jury upon the burden of proof on the issue of contributory negligence.

5. That the verdict of the jury is excessive.

6. That the verdict is contrary to the weight of the evidence.

At the outset we will discuss the second specification of error, and specifically the charge of the trial judge in his application of §6310-17, GC. The court charged:

"It is also the claim of the plaintiff that the defendant was negligent and careless in driving his automobile over the center line of the highway or, in other words, upon the wrong side of the road. It was the duty of the defendant to operate his car upon the right side of the center of the road, and failure of the defendant, if any, to do so would constitute negligence; and if you further find by a preponderance of the evidence that such negligence directly and proximately contributed to cause the collision and the resulting injuries, then your verdict should be for the plaintiff in this case."

Sec 6310-17, GC, provides:
"Vehicles shall keep to the right side of the center or center line of the road or highway except as otherwise provided herein."

Sec 6310-20, GC, provides in part as follows:
"A vehicle overtaking another vehicle and the vehicle so overtaken shall be governed by the following rules:

"(a) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle."

The trial judge in charging the jury failed to give the defendant the benefit of the exceptions referred to in §6310-17, GC. There was substantial evidence to the effect that the collision occurred while defendant was overtaking and passing another vehicle, and, that being so, a charge to the effect that the driving of his car to the left of the center line would constitute negligence as a matter of law, would deprive the defendant of the benefit of §6310-20, GC. We deem it prejudicial error under the facts of this case to thus deprive this defendant of the benefit of the statute. He was entitled as a matter of law to have the jury say whether his acts constituted a violation of the statute, and to have the jury properly instructed in that respect.

In view of the circumstances surrounding the collision, and the reference to §6310-20, GC, it should be observed at this point that the street upon which the collision occurred was not one marked with traffic lanes.

The trial judge, in the portion of the charge quoted supra, also instructed the jury that their verdict should be for the plaintiff if they found by a preponderance of the evidence that negligence on the part of the defendant "directly and proximately **contributed** to cause the collision and the resulting injuries."

The unfortunate use of the word "contributed" made the instruction misleading and erroneous, in that the jury could fairly construe the language, standing alone, to mean that the plaintiff could recover even though he was guilty of contributory negligence. And further, although the issue of contributory negligence was raised in the pleadings and by the evidence, the court unqualifiedly instructed the jury to return a verdict for the plaintiff under the conditions imposed, without any mention whatsoever of the necessary requisite that he, the plaintiff, must be in the exercise of ordinary care.

These latter two errors did not necessarily amount to prejudicial error in view of subsequent proper instruction in the general charge on contributory negligence; nevertheless misleading language is to be avoided so that juries may have clear, concise and consistent statements of the law to apply to the established facts of the case.

We have carefully examined the other errors complained of and find none prejudicial to the rights of the defendant.

In view of the foregoing, the judgment is reversed for the error of the court in charging that if the defendant drove his car beyond the center of the road he was negligent as a matter of law, and the cause is remanded to the trial court for further proceedings.

STEVENS, PJ, and WASHBURN, J, concur in judgment.